IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CT-03124-BO

| | |
|---|---|
| DONTERRIUS BARNETTE,<br><br>    Plaintiff,<br><br>v.<br><br>SOLOMON LAWRENCE, MORRIS REID, IRVIN RYAN, JR., LT. BROOKS, CLARENCE FAULCON, JOSEPH LIGHTSEY, ROBY BOWMAN, SGT. GREGORY NELSON, SGT. SPENCER, SGT. HESTER,<br><br>    Defendants. | **CONSENT ORDER** |

Certain confidential documents, material, and information (hereinafter, "Confidential Information") in the possession, custody or control of the North Carolina Department of Public Safety, Division of Adult Correction (hereinafter, "the DAC") is necessary for Defendant, Joseph Lightsey, M.D. ("Defendant Lightsey"), to obtain in order to answer or otherwise respond to the Complaint filed by Plaintiff and to otherwise defend against Plaintiff's allegations in the above named suit and it may be necessary that additional Confidential Information will need to be disclosed during the course of this litigation. It is anticipated that some portion of the Confidential Information relates to Plaintiff, an inmate currently or formerly in the custody of the DAC, or relates to current or former employees, contract employees or independent contractors the DAC. The Confidential Information is expected to include inmate records deemed confidential pursuant to N.C.G.S. §§ 148-74 and -76. In addition, the information may also be confidential under 42 CFR 2.1 et seq., N.C.G.S. § 122C-42, and HIPAA. In light of the

1

confidentiality of this material, and in an effort to protect that confidentiality, the DAC requires entry of a consent order to order the release of the Confidential Information and to ensure that Confidential Information is not disclosed or used for any purpose except in connection with this litigation. In the interests of justice and to further the legitimate causes of this litigation, the agrees to disclose the Confidential Information in its custody and possession to Young Moore & Henderson, Counsel for the Defendant Lightsey, subject to the conditions set forth herein and adopted by the Court. Accordingly, upon the agreement of counsel, it is hereby ORDERED that:

1. **Scope of the Order.** This Order requires DAC to disclose Confidential Information, as defined and designated in accordance with this Order, to Counsel for the Defendant. This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and which are designated by DAC as "confidential information."

2. **Agreement on Use of Confidential Information.** All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3. **"Disclosure."** When used in this Order, the term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

2

4. **"Confidential Information."** For the purposes of this Order and during the course of this litigation, the parties to this Order identify "General Confidential Information" and define it as follows:

   a. "General Confidential Information" means:

   (1) Inmate records of Plaintiff Donterrius Barnette including, but not limited to, grievances, use-of-force reports, incident reports, external and internal movement records, disciplinary reports, and infraction reports;

   (2) The medical records maintained by the DAC pertaining to Plaintiff Donterrius Barnette;

   (3) The mental health records maintained by the DAC pertaining to Plaintiff Donterrius Barnette; and

   (4) Other documents, materials, or information that are potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Consent Order.

5. **Disclosure of Confidential Information.** General Confidential Information shall shall not be disclosed to anyone except:

   a. The court and its personnel;

   b. The parties to this action as required by law and pursuant to the terms of this Order;

3

c.  Young Moore & Henderson, Counsel for the Defendant to this action and employees and/or vendors of Young Moore & Henderson;

d.  Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6;

e.  Court reporters or videographers engaged to record depositions, hearings the trial of this action;

f.  Members of the Inmate Grievance Resolution Board;

g.  Witnesses at any deposition in this matter as well as witnesses or jurors at the trial of this matter; and

h.  The Defendant's insurer, if any.

6.  **Confidentiality Agreements.** Before Confidential Information is disclosed to any vendors of Young, Moore & Henderson as well as any person described in 5(d) and 5(h) of this Order, Young, Moore & Henderson, Counsel for the Defendant, inform the person to whom the disclosure is to be made that Confidential Information be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement the form attached as Exhibit A. Young Moore & Henderson, Counsel for the Defendant, shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the DAC and Counsel for the Defendant, Young Moore & Henderson or order of the court.

4

7. **Designation of Confidential Information.** Information shall be designated as Confidential Information in the following manner:

    a. In the case of information reduced to paper form, the designation shall be made (1) by placing the appropriate legend, "CONFIDENTIAL - SUBJECT TO CONSENT ORDER" for General Confidential Information on each page containing such information or (2) by such other means as agreed to by the DAC and Counsel for the Defendant. Counsel for the DAC shall designate the documents as confidential at or before the time of the disclosure.

    b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information (1) by informing counsel for the receiving party in writing the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or (2) by such other means as agreed to by the parties to this Consent Order. To the extent practicable, such physical medium shall be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.     c. Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by

serving a written notification of such designation on Young Moore & Henderson, Counsel for the Defendant. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

8. **Disputes over Designations.** If Young Moore & Henderson, Counsel for the Defendant, objects to the designation of any information as confidential, Young Moore & Henderson, Counsel for the Defendant, and Counsel for the DAC shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting counsel may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information qualifies for the disputed designation.

9. **Inadvertent Disclosure of Confidential Information.** Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for the receiving party.

10. **Filing of Confidential Information Under Seal.** At the time that confidential information is produced to Young, Moore, & Henderson, Counsel for the Defendant Lightsey, counsel for the DAC will indicate, in writing, if any of the confidential information being produced is of the type that should be filed with the Court as a sealed document. If such indication is given, Young Moore & Henderson, Counsel for

6

the Defendant, shall file the document as a proposed sealed document along with a motion to seal and supporting memorandum indicating the basis under which the DAC determined that the document should be filed under seal. If Counsel for the DAC determines that the document should be filed as a proposed sealed document, Counsel for the DAC agrees that the determination as set forth in this paragraph will be narrow in scope and any such determination will be consistent with the manner in which the attorneys in the Correction Section of the North Carolina Department of Justice file the same or similar documents in 42 USC § 1983 cases involving the medical care of inmates. If no such indication is given by Counsel for the DAC, Young, Moore, & Henderson, Counsel for the Defendant Lightsey, may file the confidential information with the Court without the need to file such confidential information as a proposed sealed document.

11. **Authors/Recipients.** Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

12. **Return of Confidential Information.** Following the conclusion of this action, including any appeals, Young Moore & Henderson, Counsel for the Defendant, shall request that any Confidential Information provided to any vendors of Young, Moore & Henderson as well as any person described in Paragraphs 5(d) and 5(h) of this Order either be returned or shredded. Young Moore & Henderson, Counsel for the Defendant, shall destroy any Confidential Information provided by the DAC in accordance with the

7

Rules of Professional Conduct of the North Carolina State Bar and/or any professional liability policy requirements which provide coverage for the services of Young Moore & Henderson and/or Counsel for the Defendant. If any vendor of Young, Moore, & Henderson, any person identified in Paragraphs 5(d) and 5(h) of this Order, or Young, Moore, & Henderson itself elects to destroy the Confidential Information rather than return it to Counsel for the DAC, Young, Moore, & Henderson, Counsel for the Defendant Lightsey shall provide to counsel for the DAC a signed certification that the Confidential Information has been destroyed or will be destroyed in accordance with the file retention policy of Young, Moore, & Henderson, Counsel for the Defendant Lightsey. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the Court shall be governed by Local Civil Rule 79.1, E.D.N.C.

13. **Admissibility of Information.** Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

14. **Modification.** This Order is without prejudice of the right of the DAC and/or Young Moore & Henderson, Counsel for the Defendant, to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

BASED UPON the foregoing, it is therefore FURTHER ORDERED that Young Moore & Henderson, Counsel for the Defendant, will observe the requirements of this Order as to Confidential Information produced by the DAC as required by this Order.

This the __1__ of __February__, 201_3_.

_Terrence Boyle_
TERRENCE W. BOYLE
United States District Judge

9